UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| DEANNA BURKE,<br><br>  PLAINTIFF,<br><br>V.<br><br>MESSERLI & KRAMER, P.A.,<br><br>  DEFENDANT. | CIVIL NO. 09-1630 (ADM/AJB)<br><br><br>**ORDER & MEMORANDUM** |

---

Trista M. Roy, Consumer Justice Center PA, 367 Commerce Court, Vadnais Heights, MN 55127 (for Plaintiff);

Derrick N. Weber and Jefferson C. Pappas, Messerli & Kramer, P.A., 3033 Campus Drive, Suite 250, Plymouth, MN 55441;

Truman W. Schabilion, Stein & Moore, P.A., 332 Minnesota Street, Suite W-1650, St. Paul, MN 55101 (for Defendant Defendant).

---

This matter is before the Court, United States Magistrate Judge Arthur J. Boylan, on Plaintiff's Motion to Compel Discovery Responses and Answers to Deposition Questions [Docket No. 15]. A hearing was held on the motion on May 20, 2010. Trista M. Roy appeared on behalf of Plaintiff. Derrick N. Weber appeared on behalf of Defendants.

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Discovery Responses and Answers to Deposition Questions [Docket No. 15] is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. On or before June 25, 2010, Defendant shall produce a privilege log detailing the date, time, and medium of each communication that is responsive to Plaintiff's discovery requests. The privilege log shall also provide a general description of each

1

   communication, the purpose for each communication, the parties involved in each communication, and any documents exchanged in connection with the communication.

2. On or before June 25, 2010, Defendant shall produce all nonprivileged information responsive to Plaintiff's Interrogatories Nos. 18 and 19 and Document Requests No. 8.

3. On or before June 25, 2010, Defendant shall pay to Plaintiff $3,000.00 as reasonable fees and expenses incurred in bringing the present motion.

4. Plaintiff's motion is denied in all other respects.

5. The attached memorandum is incorporated herein.

Dated:     6/14/10

                                              s/ Arthur J. Boylan
                                              Magistrate Judge Arthur J. Boylan
                                              United States District Court

**MEMORANDUM**

**I.     BACKGROUND**

Plaintiff Deanna Burke's Complaint alleges that Defendant Messerli & Kramer, P.A. violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Plaintiff moves for an order compelling Defendant to amend and/or supplement its responses to Interrogatories Nos. 18 and 19, Request for Admission No. 5, Request for Production of Documents No. 8, and deposition questions.[1] Defendant, through Derrick N. Weber (Defendant's Rule 30(b)(6) deposition representative), asserted claims of attorney-client privilege in response to multiple deposition questions as well as in response to various discovery requests.  Mr. Weber asserts that he cannot respond pursuant to the Minnesota Rules of Professional Conduct and that he properly asserted attorney-client privilege. Defendant also objects to Plaintiff's motion on the grounds that the discovery sought is irrelevant.

There was a hearing on Plaintiff's motion on May 20, 2010.  At the hearing, Mr. Weber, requested leave to seek an advisory opinion from the Office of Lawyers Professional Responsibility.  This Court granted Mr. Weber leave to seek an opinion, which Mr. Weber did. [Docket No. 32.] This Court was subsequently informed that the Office declined to issue an opinion. [Docket No. 34.]

**II.     DISCUSSION**

*a. Minnesota Rules of Professional Conduct*

This Court will first consider Defendant's contention that compliance with the Federal Rules of Civil Procedure in this matter is prohibited by the Minnesota Rules of Professional

---

[1] This motion is similar in some respects to a motion brought in another matter by a different plaintiff, who is also represented by Trista M. Roy, against Defendant Messerli & Kramer, P.A. (*See Hemmingsen v. Defendant, P.A.*, Civil No. 09-1384(DSD/AJB), Docket No. 27.)

Conduct. Mr. Weber asserts that production of a privilege log and disclosure of any information concerning his representation of his client, Capital One Bank, violates Minn. R. Prof. Conduct 1.6. Rule 1.6 states as follows:

> (a) Except when permitted under paragraph (b), a lawyer shall not knowingly reveal information relating to the representation of a client.
>
> (b) A lawyer may reveal information relating to the representation of a client if:
>
> . . . .
>
> (8) the lawyer reasonably believes the disclosure is necessary to establish a claim or defense on behalf of the lawyer in an actual or potential controversy between the lawyer and the client, to establish a defense in a civil, criminal, or disciplinary proceeding against the lawyer based upon conduct in which the client was involved, or to respond in any proceeding to allegations by the client concerning the lawyer's representation of the client;
> (9) <u>the lawyer reasonably believes the disclosure is necessary to comply with other law or a court order</u>; or
> (10) the lawyer reasonably believes the disclosure is necessary to inform the Office of Lawyers Professional Responsibility of knowledge of another lawyer's violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects.

(Emphasis added.)

Mr. Weber's reliance upon Rule 1.6 to not produce a privilege log and to not answer discovery questions is misplaced. First, Rule 1.6 "applies in situations other than those where evidence is sought from the lawyer through compulsion of law." Minn. R. Prof. Conduct 1.6, cmt. 3. Thus, while Rule 1.6 may be applicable to conversations with Plaintiff's counsel, for example, Rule 1.6 is inapplicable to discovery requests and deposition questions. "The attorney-client privilege and work-product doctrine apply in judicial and other proceedings in which a

lawyer may be called as a witness or otherwise required to produce evidence concerning a client." *Id.*

Second, even if Minn. R. Prof. Conduct 1.6 applied to discovery, the exception contained in Rule 1.6(b)(9) would permit compliance with the Federal Rules of Civil Procedure. The production of a privilege log is common practice and is anticipated by Fed. R. Civ. P. 26(b)(5). Likewise, Fed. R. Civ. P. 26(b)(1) requires a party to produce requested information "regarding any *nonprivileged* matter that is relevant to any party's claim or defense." (Emphasis added.) Thus, under Minn. R. Prof. Conduct 1.6(b)(9), Mr. Weber should have at the least provided a privilege log and responded to those queries that do not raise issues of attorney-client privilege and work-product doctrine.

### b. *Attorney-Client Privilege*[2]

The party asserting the attorney-client privilege has the burden to provide a factual basis for the privilege or protection. *Hollins v. Powell*, 773 F.2d 191, 196 (8th Cir. 1985); *In re Grand Jury Proceedings*, 655 F.2d 882, 887 (8th Cir. 1981). Federal Rule of Civil Procedure 26(b)(5) states:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

When a federal court has federal-question jurisdiction over a claim, federal common law applies to questions of privilege. Fed. R. Evid. 501. "[C]onfidential communications between an

---

[2] No consideration has been given as to whether Minn. R. Prof. Conduct 1.6(b)(8) applies to the present case. Defendant's response to discovery requests and Defendant's memorandum of law does not assert work-product protection.

attorney and his client are absolutely privileged from disclosure against the will of the client."

*Diversified Industries, Inc. v. Meredith*, 572 F.2d 596, 601 (8th Cir. 1977).

> "The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client."

*Id.* at 601-02 (quoting *United States v. United Shoe Machinery Corp.*, 89 F. Supp. 357, 358-59 (D.Mass.1950)). The term "communication" does not apply to the "disclosure of the underlying facts by those who communicated with the attorney." *Upjohn Co. v. United States*, 449 U.S. 383, 395-96, 101 S. Ct. 677, 685-86 (1981). Communications that do not contain confidential information and only reveal the relationship between the parties, the purpose for which a law firm has been engaged, and the steps which the law firm intends to take in discharging its obligation to the client are not protected by the attorney-client privilege. *Diversified Industries, Inc.*, 572 F.2d at 603 (en banc). Similarly, deposition questions that do not ask for the substance of communications, but instead ask whether discussion regarding various subjects were had, whether legal services were render, and whether documents were shown to the client are not protected by attorney-client privilege. *Church of Scientology v. Cooper*, 90 F.R.D. 442, 443 (S.D.N.Y. 1981).

Defendant has not met its burden to assert attorney-client privilege. First, Defendant made only a blanket assertion of the privilege in response to discovery requests. "A blanket claim of privilege that does not specify what information is protected will not suffice." *United States v. White*, 970 F.2d 328, 334 (7th Cir.1992); *contra Rabushka ex rel. U.S. v. Crane Co.*,

6

122 F.3d 559, 565 (8th Cir. 1997) (stating that party "met its burden of providing a factual basis for asserting the privileges when it produced a detailed privilege log stating the basis of the claimed privilege for each document in question, together with an accompanying explanatory affidavit of its general counsel").

Second, it appears that Defendant asserted privilege as to issues that are not covered by the attorney-client privilege. It is evident from reading the deposition that Defendant did not disclose the retainer agreement between Defendant and Capital One Bank. In the deposition Defendant makes a blanket assertion of attorney-client privilege with respect to this document. "Although the federal common law of attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal representation, it ordinarily does not apply to client identity and fee information." *United States v. Sindel*, 53 F.3d 874, 876 (8th Cir. 1995). Likewise, Mr. Weber refused to respond to questions during his deposition pertaining to underlying facts and whether discussions regarding various subjects occurred. *See infra* § II.c. Thus, it appears that Defendant applied a far more expansive view of attorney-client privilege then the law permits.

Finally, Plaintiff's arguments in support of the fact that at all times in question Defendant was acting as legal counsel are unpersuasive. Mr. Weber testified that Defendant were hired "[t]o collect amounts owed to it by plaintiff through litigation if necessary." But, a letter from Defendant to Plaintiff, dated March 13, 2009, includes an "IMPORTANT NOTICE" that "THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT . . . . ANY INFORMATION OBTAINTED WILL BE USED FOR THAT PURPOSE." Thus, it appears from the record that Defendant was retained as a collections agent and as counsel. "[W]here the attorney acts as a . . . collection agent . . . the communications

between him and his client are not protected by the privilege."[3] *In re Shapiro*, 381 F. Supp. 21, 22 (D.C. Ill. 1974). Because Defendant did not provide a privilege log, this Court is left to surmise that some of the communications invariably related to Defendant's actions solely as a collections agent.

Defendant argues that all of its activities—such as investigating whether Plaintiff paid her debt to Capital One Bank, making phone calls, and sending letters—were consistent with acting as an attorney.[4] First, the statement within Defendant's March 13, 2009 letter belies this claim. Second, this contention is unpersuasive because these activities are also consistent with being a collections agent. Therefore, the inquiry requires further analysis and Defendant has not provided a record to support further analysis.

Defendant contends that its collection notes are subject to attorney-client privilege because they were transmitted to client every day. The Eighth Circuit Court of Appeals recognizes the strict construction of privilege. The strict construction of privilege provides that attorney-client privilege will only apply to communications from an attorney to a client if said communications are based upon previous privileged communications made by the client to the attorney, and disclosing the communication from the attorney to the client would revealed the contents of the privileged communication. *Diversified Industries, Inc.*, 572 F.2d at 611 (en

---

[3] At the hearing, Defendant asserted that this Court's view of the law of attorney-client privilege would have a far-reaching, chilling effect on the practice of law because much of what attorneys do is not related to providing legal advice. The fundamental elements of attorney-client privilege are well settled. This Court is not departing from the inquiry mandated by these fundamental elements when it inquires whether Defendant was acting as a debt collector or as counsel when Defendant engaged in various activities on behalf of Capital One Bank.

[4] Defendant also contends that there would be no reason for Capital One Bank to engage a law firm rather than a collection agency if Capital One Bank only expected the law firm to engage in collection activities. This Court declines to speculate on why Capital One Bank engaged Defendant in connection with this matter.

banc). Again, this Court has no way to assess whether the collection notes are protected by attorney-client privilege because Defendant did not produce a privilege log.

Notwithstanding the aforementioned conclusion that Defendant has not met its burden to assert attorney-client privilege, Plaintiff's motion is not granted in its entirety. Defendant is not the holder of the attorney-client privilege. "The privilege . . . is one that exists for the benefit of the client and not the attorney." *Schwimmer v. United States*, 232 F.2d 855, 863 (8th Cir. 1956) (citation omitted). In the present case, the privilege belongs to Capital One Bank, not to Defendant. Capital One Bank is not a party to this action and should have the opportunity to object to disclosure. Federal Rule of Civil Procedure 45 provides Plaintiff with a means for obtaining this information and provides Capital One Bank with a forum for objecting to disclosure.

It is hereby ordered that, on or before June 25, 2010, Defendant shall produce a privilege log detailing the date, time, and medium of each communication that is responsive to Plaintiff's discovery requests. The privilege log shall also provide a general description of each communication, the purpose for each communication, the parties involved in each communication, and any documents exchanged in connection with the communication.

### *c. Deposition*

Plaintiff's Amended Notice of Taking Deposition of Defendant's Rule 30(b)(6) Representative sought to depose Defendant about (a) any communications between Plaintiff and Defendant; (b) Defendant's investigation into the allegations contained in Plaintiff's Complaint; (c) Defendant's responses to Plaintiff's discovery requests; (d) any actions by Defendant to collect the alleged debt from Plaintiff; (e) Defendant's policies and procedures; and (f) Defendant's communications with any third parties in connection with the alleged debt owed by

Plaintiff. The Notice further stated: "Please produce any documents responsive to the listed areas of inquiry, which have not already been produced . . . ."

Mr. Weber asserted attorney client privilege throughout his deposition, including to questions such as (1) what information did Capital One Bank provide Defendant that would be helpful in collecting the debt from Plaintiff; (2) did Capital One Bank provide you any information at the time you were hired; and (3) before the March 13, 2009 letter was sent, what did you do to verify Plaintiff's claim that her debt was paid? Mr. Weber also refused to answer questions about when and if conversations with Capital One Bank occurred. In response to one question, he stated: "I'm not going to discuss what they gave me. I'm not going to discuss what they sent me. I'm not going to violate my attorney/client privilege." In response to a different question, Mr. Weber testified: "I think the information of whether [Capital One] did or did not produce documents at the time of placement is protected by attorney/client privilege." Mr. Weber also acknowledged that retainer agreement between Defendant and Capital One Bank, and the "collection notes" had not been produced.

"A party seeking discovery may move for an order compelling an answer . . . if a deponent fails to answer a question asked under Rule[] 30 . . . ." Fed. R. Civ. P. 37(a)(3)(B)(i). Fed. R. Civ. P. 30(c) states that a deponent is permitted to not "answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Thus, Mr. Weber was right not to testify when asserting the attorney-client privilege; however, it is evident that Mr. Weber's understanding of attorney-client privilege was flawed. *See supra* § II.b. As a result, Mr. Weber claimed attorney-client privilege and refused to answer questions that he should have been answered.

Also, "[t]he persons designated must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). Mr. Weber repeatedly testified that he

10

could not answer questions because he could not remember or did not know the answer to the question but the answer was contained with the "collections notes," which were neither produced nor brought to the deposition to refresh Mr. Weber's recollection. Thus, Mr. Weber was not prepared to testify about information reasonably available to the organization. It was incumbent upon Defendant to provide a representative capable of "testify[ing] about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). Finally, neither Mr. Weber nor his counsel ever made a formal objection during the deposition.

Therefore, Plaintiff is granted leave to conduct another Rule 30(b)(6) deposition of Defendant, and the representative for Defendant shall be prepared for the deposition and shall respond to all questions that seek non-privileged information. Finally, the representative and any counsel for the representative shall state any objections and the basis for any objections on the record.

### d.  *Interrogatories and Document Request*

Plaintiff moves for an order compelling Defendant to amend and/or supplement its responses to Interrogatories Nos. 18 and 19, and Request for Production of Documents No. 8. Federal Rule of Civil Procedure 26(b)(1) states: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." "Rule 26(b) of the Federal Rules of Civil Procedure is widely recognized as a discovery rule which is liberal in scope and interpretation . . . ." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). A party may move for an order compelling discovery where a party fails to respond as requested under Fed. R. Civ. P. 33 or 34. Fed. R. Civ. P. 37(a)(3)(iii)-(iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." *Id.* at 37(a)(3)(4).

> **Interrogatory No. 18:** If any document responsive to Plaintiff's Request for Production of Documents is withheld from production, identify each such document by date, title, subject matter, length and the request to which it is potentially responsive and state the reason for withhold production, and identify each person to whom the document was sent, shown, or made accessible, or to whom it was explained.

This Court concludes that Interrogatory No. 18 seeks relevant information. Having reviewed Plaintiff's document requests, this Court concludes that they seek relevant information as defined by Fed. R. Civ. P. 26(b)(1). On October 19, 2009, Defendant responded to Interrogatory No. 18 by stating, "No such documents are known at this time." On April 14, 2010, Plaintiff deposed Mr. Weber. During Mr. Weber's deposition he testified that communications with Capital One Bank and "collection notes" were withheld.  Although this Court does not have the benefit of knowing the subject matter of the communications because of Defendant's decision to not produce a privilege log, this Court can reasonably conclude that the communications and "collection notes" are responsive to Document Request Nos. 7, 8, or 9.

Defendant contends that only limited discovery is warranted in this matter because Plaintiff's claim arises out of one letter sent by Defendant to Plaintiff.  Federal Rule of Civil Procedure 26(b)(1) states: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or *defense* . . . ." (Emphasis added.)  Defendant has asserted a bona fide error defense. (Answer, *Affirmative Defenses* ¶ 2, July 27, 2009). A defendant can assert an affirmative bona fide error defense "if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15

U.S.C. § 1692k(c). Therefore, Plaintiff's discovery request seeks information relevant to Defendant's bona fide error defense.[5]

> **Interrogatory No. 19**: Identify and describe each communication, or attempted communication, between the Defendant with the Plaintiff, or any other person, which was made in connection with the collection of Plaintiff's account, by stating the name of the individual initiating communication, the date of the communication, the method of the communication (e.g. letter, phone call, in-person), a detailed analysis of the substance of the communication, (do not simply refer to collection notes), all witnesses to or participants in the communication, and, any actions taken by the Defendant as a result of the communication.

Defendant objected to Interrogatory No. 19 on the grounds of relevance, and responded by stating: "[S]ee attached correspondence." But, during Mr. Weber's deposition, he testified that communications with Capital One Bank were withheld on the grounds of attorney-client privilege. These communications were neither produced nor described in response to Interrogatory No. 19 or during the deposition. Thus, it is clear that Defendant's response to Interrogatory No. 19 was incomplete.

> **Request for Production No. 8**: Any and all documents recording, documenting, or otherwise tracking the collection efforts related of the Defendant in any way related to Plaintiff's alleged debt that is the subject of this lawsuit, from January 1, 2008, to the present, including but not limited to:
>   a. Records of all inbound or outbound telephone calls, to or from Plaintiff or Plaintiff's attorneys;
>   b. Records of all inbound or outbound United States mail, to or from Plaintiff or Plaintiff's attorneys; and
>   c. Records of all other inbound or outbound communication of whatever kind, to or from Plaintiff or Plaintiff's attorneys.

This Court concludes that Document Request No. 8 seeks information that is relevant to the claims or defenses. Fed. R. Civ. P. 26(b)(1). Within the deposition, Mr. Weber testified that certain information responsive to Document Request No. 8 was in the "collection notes."

---

[5] This Court does not reach the issue of whether or not the assertion of the bona fide error defense waives attorney-client privilege.

13

Defendant did not produce the "collection notes." Therefore, this Court concludes that Defendant's response to Document Request No. 8 was incomplete. But, as state earlier, this Court concludes that Capital One Bank has the right to assert attorney-client privilege as to at least some of the "collection notes."

In summary, this Court orders that, on or before June 25, 2010, Defendant shall produce all nonprivileged information responsive to Plaintiff's Interrogatories Nos. 18 and 19 and Document Requests No. 8.

e. *Request for Admission*

Fed. R. Civ. P. 36(a)(4) states: If a matter is not admitted, the answer must specifically deny it . . . . A denial must fairly respond to the substance of the matter . . . ." Rule 36(a)(6) permits the requesting party to move to determine the sufficiency of answer. If a court determines that "an answer does not comply with th[e] rule, the court may order either that the matter is admitted or that an amended answer be served." *Id.*

Request for Admission No. 5 states: "Admit that Defendant failed to verify the alleged debt." Defendant unequivocally denied Request for Admission No. 5.

This Court denies Plaintiff's motion as it relates to this request for admission. This Court concludes that Defendant's response was a specific denial and sufficient under the rule. "[T]he use of only the word 'denied' is often sufficient under the rule." *United Coal Companies v. Powell Const. Co.*, 839 F.2d 958, 967 (3rd Cir. 1988).

f. *Attorney's Fees and Expenses*

Plaintiff requests attorney fees and expenses in relation to bringing the present motion. This Court concludes that attorney fees and expenses are warranted.

Defendant contends that attorney fees and expenses are unwarranted because it made a good faith effort to fully respond to discovery while not violating the ethical rules and its legal

obligations to its clients. This Court disagrees. First, the time to seek an advisory opinion from the Office of Lawyers Professional Responsibility was when discovery requests were served, if not earlier. It was disingenuous to request leave to seek an advisory opinion for the first time at the motion hearing. This delay forced Plaintiff to incur the costs associated with bringing the present motion.

Second, Minn. R. Prof. Conduct 1.6 expressly and unequivocally does not apply to circumstances when an attorney is asked to respond to discovery. Therefore, Defendant was not substantially justified in asserting compliance with Minn. R. Prof. Conduct 1.6 as a basis for not complying with the Federal Rules of Civil Procedure that concern discovery.

Third, while Defendant informed Plaintiff that it was asserting attorney-client privilege as to certain issues, the lack of a privilege log provided Plaintiff with no way to assess Defendant's claim. Defendant contends that Plaintiff only gave Defendant one week to respond to her meet and confer letter prior to bringing the present motion. But, Defendant has not presented this Court with any evidence that Defendant attempted to negotiate additional time to respond to Plaintiff's meet and confer letter. Thus, Plaintiff was forced to bring the present motion and not providing a privilege log was not substantially justified.

Fourth, it is evident that Mr. Weber was not prepared to respond to the Rule 30(b)(6) deposition on the issues identified by Plaintiff. Therefore, this Court orders that, on or before, Defendant shall pay to Plaintiff $3,000.00 as reasonable fees and expenses incurred in bringing the present motion.